GOSHORN, Judge.
Alton Eugene James was convicted by a jury of aggravated assault with a firearm and carrying a concealed firearm. The disposi-tive point on appeal is whether one of the jurors knew the appellant’s family, the defense witnesses, and the victim despite her denial under oath during voir dire.
The defense attorney filed a motion for new trial stating that after the verdict, she was contacted by the appellant’s family and witnesses questioning why the juror was on the panel, alleging that they were well known to the juror and that the juror had even spoken to two of them during the trial. The motion further asserted that, contrary to the negative responses given, the juror did have relatives that had been convicted of criminal offenses. Affidavits of the appellant’s family and witnesses were secured and provided to the court, along with a request for an evidentiary hearing to determine if juror misconduct had occurred. The motion was summarily denied without explanation. We reverse.
We find that a prima facie showing of juror misconduct was made. Accordingly, the court should have held, and upon remand must hold, an evidentiary hearing to determine if the test set forth in Marshall v. State, 664 So.2d 302 (Fla. 3d DCA 1995),[1] rev. denied, 675 So.2d 122 (Fla.1996), was satisfied. If the test is met, the trial court must grant the appellant a new trial.
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.

. "A case will be reversed because of a juror’s nondisclosure of information at voir dire only when the following three-part test is met: (1) the information must be relevant and material to jury service in the case; (2) the information must be concealed by the juror during voir dire examination; and (3) the failure to discover the concealed information must not be due to the want of diligence of the complaining party.” 664 So.2d at 304 n. 2. It well may be that upon remand, it will be determined that the diligence test was not met.